May it please the Court, my name is Donna Brorby and I with my co-counsel at the Disability Rights Education and Defense Fund represent appellants, plaintiffs below, the American Diabetes Association and several individual students who live with diabetes and their parents. This case comes before you because appellants incurred $289,000 in attorney's fees and costs for their lawyers' work in monitoring the judicially enforceable settlement agreement that they secured in this case. That agreement required California's State Department of Education to do many things that were intended to ensure that all public schools in California ---- Your argument time is short, so if you don't mind, I'm going to interrupt you for a second just to get right to the jurisdictional issue in this case and whether the provision in the settlement agreement can divest the court of jurisdiction. Thank you, Your Honor. Over attorney's fees request, which is really a collateral matter. I appreciate that, Your Honor. I think to make sense of the jurisdictional issues in this case, it's important to understand first that any ancillary jurisdiction that the district court has had in this case derives from but is separate and distinct from its jurisdiction over the merits of the disability civil rights claim that was resolved by the settlement agreement. This is clear from the Supreme Court's decision and reasoning in Cooter and Gale v. Hartmax and the other cases cited at page 17, footnote 42 of Plaintiff's Opening Brief, all of which stand for the very important proposition that the district court missed in this case, that ancillary jurisdiction over collateral matters survives the dismissal of a case. Ancillary jurisdiction over collateral matters survives dismissal of a case because it's separate and distinct from jurisdiction in the main case. Why? I'm sorry, Your Honor. I'm just looking at paragraph 14. I'm going to get there in a minute, Your Honor. I think it's really important to understand first that ancillary jurisdiction is separate from jurisdiction in the main case, thus in this case there was ancillary jurisdiction under the main case. I got that. And then secondly, that ancillary jurisdiction, to hear Plaintiff's attorneys' fees motion, is separate and distinct from the ancillary jurisdiction to enforce the settlement agreement. This is really a point of logic, that ancillary jurisdiction goes to issues in a case. So in this case there were two issues, the enforcement of a settlement agreement and the attorneys' fees issues. Those are separate and they need to be analyzed separately. But let's say that we looked at paragraph 14 and it says the district court is going to reserve jurisdiction to, you know, in a very limited set of circumstances to do X or Y. What it says is that the district with this court, quote, I'm now quoting from paragraph 14, with this court retaining jurisdiction for two and one-half years from the effective date of this agreement solely to rule on any motion filed pursuant either to paragraph 1B or paragraph 10 of this agreement. So why wouldn't we just say, okay, the district court's preserved jurisdiction to do that. And, of course, you're right. Ancillary jurisdiction would support the court's jurisdiction to rule on any attorneys' fees requests incurred in connection with those limited things. Why would we read the agreement any more broadly than that? Well, there are a few reasons. The first is that it is not necessary to reserve ancillary jurisdiction. The ancillary jurisdiction over the attorneys' fees matter in this case did not need to be reserved. It existed under the case law that's cited at page 17, footnote 42. And then, secondly, the language of paragraph 14 doesn't terminate jurisdiction. It retains jurisdiction for certain limited purposes. The real argument here is whether by retaining jurisdiction for those limited purposes, did the court terminate jurisdiction over the attorneys' fees motion that was separately a matter of the court's ancillary jurisdiction. Paragraph 14 is entirely silent as to ancillary jurisdiction over the attorneys' fees issue. But I guess what troubles me about your argument here, it might differ a little bit from what the district court said, but it's just the timing, right? You filed the motion, if I'm remembering, a year, a year and a half after the district court's jurisdiction, even the reserved jurisdiction under paragraph 14, terminated. That's correct, Your Honor, but I think that really goes to the district court's exercise of jurisdiction over ‑‑ exercise of discretion over whether or not to take jurisdiction, but the district court didn't get to that point because she thought she did not have that discretion because she didn't have jurisdiction at all. That was the district court's error. Going further, I think actually as a matter of the exercise of discretion in deciding whether or not to take jurisdiction, in fact, the timing of the motion is not a problem. The FLE had every opportunity in the course of this motion to explain why, for reason of the timing, that the court should exercise ‑‑ should deny jurisdiction, and there's nothing in the record to support a discretionary denial of jurisdiction. What the record reflects about this matter is that the parties actually continue to have proceedings, and I'm sorry, the record I'm referring to are paragraphs from the Cummings and Landers declarations that are a part of our excerpts of record, I think page 17 and page 16. Those reflect that the processes between the parties to try to enforce the settlement agreement continued past January into the summer of July and August, and at that point it was determined that the monitoring was finished, and very promptly the appellants provided the plea with their attorney's fees bill. The record further ‑‑ that the court has to enforce the terms of the settlement, which was constrained or limited by the two and a half years that's in paragraph 14 of the settlement agreement. So you're trying to draw a distinction between that and the inherent ancillary jurisdiction over collateral matters, which attorney's fees request would be, that the court has. So with that distinction, and I want to make sure I understand your argument correctly, you're saying that just because the parties limited the court's jurisdiction to deal with enforcement of settlement terms, it doesn't mean that the parties divested the court of its inherent ancillary jurisdiction over collateral matters. Yes, Your Honor, although I wouldn't argue about something's inherent and something else isn't inherent. I go back to the ancillary jurisdiction over the enforcement action and over the attorney's fees actions. Ancillary jurisdiction goes to issues. It's not like one single thing that either exists or doesn't exist. So you have to look at the issue that we're talking about when you look to see whether there's ancillary jurisdiction. But the reason I mention inherent, because the court really doesn't have, under Supreme Court authority, doesn't have inherent power to enforce settlement agreements, and so that's why settlement agreements, the court retained jurisdiction over that, versus the ancillary jurisdiction over collateral matters, which the court inherently has. Which is why we explain in the briefs that Paragraph 14, the purpose of that was to deal with the Kekoning case and what the law is around, ancillary jurisdiction to enforce settlement agreements. I would do better to have drafted Paragraph 14 to be more explicit, that the time limitation is for enforcement of settlement terms. Actually, Your Honors, I think the parties solved that problem. I think it's very important to look at the last line of the request for dismissal, that the parties filed as a cover to the settlement agreement. The request for dismissal was signed by both parties, and that's at Plaintiff's Excerpt of Record, pages 21 and 22, is the request for dismissal, and it shows the signatures by both parties. And I think it proves the point that we're making that Your Honor has just raised, because the last line of the request for dismissal says, quote, the parties request that the court retain jurisdiction as provided in Paragraph 14 of the agreement to enforce the terms of the agreement. So in the request for dismissal, the parties did specifically add the words to enforce the terms of the agreement that we argue in our briefs and have been arguing from the inception of this need to be read into Paragraph 14, because that's what Paragraph 14 means. Paragraph 14 means we're retaining jurisdiction to enforce the agreement, but we want to limit the enforcement. You know, one party wanted enforceability, and the other party wanted to know that there were some limits to what the court might do in the course of enforcing the agreement. So the parties reached that agreement about Paragraph 14, and that is all that Paragraph 14 is about. So appellant's attorney's fees motion is in the realm of things that Paragraph 14 has nothing to do with. Well, okay, but just help me then with the Rule 54, what is it, D, argument, because I guess it seems to me Rule 54, it does apply to all requests for attorney's fees. The problem with Rule 54 is that there was no order entered after the monitoring period. This is a strange case. Usually there are orders. Rule 54, D, sets a timetable. Rule 54 just doesn't apply here. The district court got that one right. I'm sorry to say I have a stop sign. I don't know if it's my obligation to tell you that. Go ahead. One additional. But I guess is your argument that you could have waited, I mean, there's just no time limit then? No, not at all, Your Honor. There's always a time limit. But where does it come from? Well, it comes from facts that show that a party's been dilatory in making a fee motion, that there's been some prejudice to the other side. But the record reflects here is that the fee claim was presented to the other side. The parties negotiated about it, and they negotiated about it, and they finally decided they couldn't resolve it. At that time, a motion was filed, and there was never any objection made by the appellee that said something like, wait a minute, this is too late, we've been prejudiced by this being filed late. The equities here are that we have plaintiffs who have been enforcing a decree with monitoring, incurring these fees and costs, and they will go unpaid. If you're correct, counsel, that the court has the broader ancillary jurisdiction, despite paragraph 14 of the settlement agreement, it would still be a discretionary call by the district judge over the attorney's fees motion, as I understand it. Would you agree with that? Well, Your Honor, I think that's up to this panel. I think that on the record that exists, it would be possible for the panel to direct the court to take jurisdiction because of the failure of the appellee in this case to put anything in the record at the lower court or here to indicate that there was in some way a problem with the delay. Even if we agree with you, wouldn't the appropriate solution be to remand for the district court to exercise its jurisdiction over the attorney's fees motion? Because here the district court thought it did not have jurisdiction. We ask at least that this panel remand to the district court for her to exercise her discretion over whether or not to exercise ancillary jurisdiction. All right. We've taken you over your time with our questioning, but I thank you very much for your arguments. Thank you. And if you need any more time, I'm happy to give it. May it please the Court, Paul Lacey on behalf of Appellees, the California Department of Education. And thank you, Your Honors, for getting to two critical issues that we'd like to address. Let me cut, if I may, right to the chase regarding jurisdiction. The district court in its order denying plaintiff's motion for attorney fees said that in its order of dismissal, it had read paragraph 14 and understood, and I'll use the words of the court, that here by their inclusion of paragraph 13 of their settlement agreement, the parties clearly manifested their intent to limit the court's exercise of that jurisdiction in both time and manner. And the sentence continues. In other words, the court limited its own jurisdiction over the case. And in the order that denied the motion for attorney fees, the court was acknowledging that its entire jurisdiction over the case had been limited in accordance with paragraph 14. We believe that the clear language of the paragraph supports the court contention. There is no indication in the court's order denying the motion for fees that the court misunderstood or believed it had in some way retained any jurisdiction over the case beyond the two and one-half years. It's also a little bit problematic, to be candid at this point from our perspective, if I may, to try to reinterpret perhaps a different meaning to paragraph 14 than that which the court attributed when she made her decision regarding jurisdiction. Well, I think it's a legal question, right, as to whether there is a distinction between the court's broader ancillary jurisdiction over collateral matters versus the court's ancillary jurisdiction for enforcement of settlement terms. Because I start with the fundamental premise that courts have very broad ancillary jurisdiction over collateral matters to handle attorney's fees motions such as the one that was filed here, even years after the dispute. Now, the court may choose to exercise its discretion not to hear the matter, but that's different than saying that the court has no broad ancillary jurisdictions beyond the jurisdiction to enforce the terms of the settlement. And that's inherent ancillary jurisdiction. So I didn't see any case law that you've cited that stands for the proposition that the parties can, through the terms of a settlement agreement, divest the court of that inherent ancillary jurisdiction. Because all of the cases cited that I've looked at in the briefs really refer to enforcement jurisdiction of settlement terms. So is there any authority, your best authority, that you can pinpoint me to to support the proposition that you've stated that the parties have negotiated this away? Actually, I agree with Your Honor. The parties cannot divest the court of any of its jurisdiction. Only the court can make that decision. Ancillary jurisdiction, just as our esteemed colleagues have pointed out, covers a broad scope of matters. And only the court makes that decision, as this court determined in Arada v. Newskin and in other cases such as Prison Legal News. That limitation on jurisdiction is simply the court. The parties cannot control that. And that's why we're sort of emphasizing the point here that the district court said that it had limited its own jurisdiction over the entire matter to enforcing the two paragraphs in the settlement agreement for the two and one-half years. Oh, see, that's different than what I understood your argument to be. So let me clarify that you're saying that the paragraph 14 in the settlement agreement didn't and couldn't have limited or divested the court of its ancillary jurisdiction over collateral matters, but that the district judge exercised her discretion? Yes, Your Honor, what I'm saying, just to be clear, is that although it's not uncommon for parties in settlement agreements to negotiate limitations to the court's jurisdiction going forward, they cannot actually bind the court to those agreements. The court has independent discretion on what jurisdiction to retain and what jurisdiction going forward. We found no case law that indicated the court had, and the district court pointed out, that they could find no case law to indicate that there were any rules that limited the court from limiting its own jurisdiction going forward. So this court, in its order denying the motion, said it had indeed limited its jurisdiction over the entire case, which is why it wouldn't rule on the attorney fee motion. So although the parties, we believe the plain language of the paragraph is an agreement to limit the court's entire jurisdiction. The court read it that way. The court made an independent decision. And the sort of problem here is even if we were to read paragraph 14, kind of applying various techniques and rules of contract interpretation, that it meant something other than the court limiting all of its own jurisdiction, we wouldn't have the authority to bind it back to the district court. I'm just looking at the district court's order, and what's the language you're citing for the proposition that the court made this independent determination? I guess the first time I read the order, I assumed that the court was just saying this is just what the parties have said in paragraph 14. But show me where you think the court made an independent determination. Oh, I'm sorry. I do believe, Your Honor, it's in the final statement of the court where the court states that the court's ancillary jurisdiction. What page are you on? I'm actually on page 6, the last sentence before the conclusion. The court's ancillary jurisdiction over the above titled action having ended on a given date and plaintiff's motion having been filed late will be denied for lack of jurisdiction. Earlier in the case, what the court said, to kind of go through, especially on page 4 and into page 5, the court said it looked and read the party's agreement in paragraph 14 and that it understood the party's agreement and intention to limit the court's jurisdiction, okay, over the matter solely to rule on these two paragraphs. But the court can't be bound by our agreement. Any decision by the court to limit its jurisdiction is inherently the court's own decision. In this case, the court — because they don't have inherent jurisdiction over that. So normally the parties settle a case and then it's going to the parties contemplate that it's going to take a period of time in order for the settlement terms to be carried out and put in a provision where the court retains the jurisdiction to enforce the terms of settlement agreement in the event of breach by a party. So that's fairly routine. But as I read the order, the court believed that that retention of jurisdiction to enforce the settlement terms somehow then impacted the broader ancillary jurisdiction over collateral matters to address attorney's fees motions such as this. That's how I interpreted the district court's reading of the retention of jurisdiction term in the settlement agreement. Well, I cannot disagree with that. The court read it as that it had limited its jurisdiction. That's the only explanation why the court would rule in denying the motion. It said I limited my — I'm not using the court's words, but that's the only explanation for saying I don't have jurisdiction. Well, let me read the court's words because I just think they're inconsistent with what you're just now arguing. So on the bottom of page 4, the court says here, by their inclusion, meaning the party's inclusion of paragraph 14 in their settlement agreement, the parties clearly manifested their intent to limit the court's exercise of that jurisdiction. So the court — this is how I read it the first time. The court was just saying I'm just doing what you guys agreed to. I didn't read it as the court is making something independent. But, Your Honor, and I'm not disagreeing with you. I think that's exactly what the court did. The court looked at it and said this is what the parties want. I'm willing to do it. And this is what the court adopted. The court wasn't bound to follow this. The court read it, understood the intent of the party. The court understood the same intention that we understood was that the court's jurisdiction over the matter would be limited. So when the court got the motion for attorney fees, it said, hey, I read this and understood that my jurisdiction was limited for only two and a half years. I don't have the jurisdiction anymore. But since we can't, as a matter of law, bind her to our intention, she did have to make a decision, the court had to make a decision, that this would be the order of the court. If I may just briefly, with my time running out, I just want to briefly comment regarding Rule 54D2. We do, with all due respect, disagree with our friends from DREDA that that rule is limited to cases of judgments. We believe the text of the rule is not so worded. The reference to judgments is a benchmark for 14 days, which is a default timeline in the absence of a court order or a statute otherwise. Nothing about the text of the rule that states that this only applies to cases in which there's a judgment. In fact, this court in the case versus Keith versus Volpe stated, used the term that the 14 days from judgment is a default timeline in the absence of a court order or a statute to the contrary. All right. Thank you very much, counsel. I think my time has expired. Thank you, Your Honor. Is there time left? Did you intend to reserve time for rebuttal, counsel? Well, let me ‑‑ I'll put a minute on the clock. Because the interpretation of the agreement of paragraph 14 is at issue here, that's what this court will review de novo, the party's intent becomes an important piece of the puzzle. So I feel like I need to correct counsel's statement that the judge's determination about what paragraph meant in this case was obviously what they intended it to mean in this case, because appellee did not raise this issue before the judge did. So if that was what the appellee had intended, they would have raised it in their opposition papers to the motion, but they didn't. I hope it's clear that what happened in this case is that the judge did at the time that the motion came up, not back in 2007 when she entered the order that dismissed the case and put the settlement agreement as part of the court order. It was after the motion was filed that the court looked back at paragraph 14 and attempted to determine what paragraph 14 meant and what the intention of the parties was about paragraph 14. At that time, we believe she made a mistake. She made an error that we hope that this court will correct with its de novo review of the same information that she had when she interpreted the paragraph. Thank you. Thank you very much. The matter is then submitted.
judges: Noonan, Nguyen, Watford